# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| AUGUSTIN CONEJO | : | DOCKET NO. 05-1816 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JORDAN OIL COMPANY, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On September 12, 2005, Augustin Conejo filed the instant suit in the "37th" Judicial District Court for the Parish of Cameron, State of Louisiana.[1] Made defendants were Jordan Oil Company, Inc. and Intercoastal Liquid Mud Inc. Plaintiff alleges that he fell to the ground while descending into a large tank at defendants' worksite. (Petition, ¶¶ 2-4). As a result, plaintiff alleges that he suffered a separated right acromioclavicular joint, and seeks recovery for past, present and future: general damages, medical expenses, and lost wages or earning capacity. *Id*. at ¶¶ 4, 7. He contends that defendants are responsible for these injuries. *Id*. at ¶ 6.

On October 17, 2005, defendant, Intercoastal Liquid Mud Inc., removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On October 27, 2005, plaintiff filed the instant motion to remand [doc. # 9]. The motion seeks remand on the basis that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is not present. The matter is now before the court.[2]

---

[1] Cameron Parish is the 38th Judicial District Court.

[2] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $ 75,000.[3] We may properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 9] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's request for attorney's fees be DENIED.

---

[3] Plaintiff has not argued or otherwise established that it is "legally certain" that his claims are less than the requisite jurisdictional amount. *See, De Aguilar v. Boeing*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of December, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE